UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEDRO JOSE ORTIZ PAYA,

Petitioner,

Case No. 1:26-cv-2178

v.

Honorable Paul L. Maloney

ANGELA PHAMS et al.,

Respondents.

______________________________/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.12.) In an order entered on July 31, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on August 5, 2026, (ECF No. 6.)

## II. Factual Background

Petitioner is a native and citizen of Colombia. (Pet., ECF No. 1, PageID.3.) On May 11, 2023, the Department of Homeland Security (DHS) paroled Petitioner into the United States pursuant to 8 U.S.C. § 1182(d)(5) until July 9, 2023. (Form I-94, ECF No. 1-7, PageID.29.) On February 26, 2026, ICE agents encountered and arrested Petitioner. (Pet., ECF No. 1, PageID.2.)

On May 15, 2026, Petitioner filed his first petition for writ of habeas corpus in *Ortiz Paya v. U.S. Immigration and Customs Enforcement* (*Ortiz Paya I*), No. 1:26-cv-1604 (W.D. Mich.). On June 10, 2026, while that petition was pending, Petitioner submitted a signed request for a custody redetermination hearing. (Pet., ECF No. 1, PageID.4.) In *Ortiz Paya I*, Respondents represented that they would comply with the binding holdings of *Lopez-Campos* and afford Petitioner a custody redetermination hearing should he request one. Resp., *Ortiz Paya I* (W.D. Mich. Jun. 12, 2026) (ECF No. 5, PageID.38). Therefore, the Court dismissed the petition in *Ortiz Paya I* without prejudice for failure to exhaust administrative remedies. Op. & Jud., *Ortiz Paya I* (W.D. Mich. Jun. 12, 2026) (ECF Nos. 7, 8).

A bond hearing was not scheduled pursuant to Petitioner's June 10, 2026, request. (Pet., ECF No. 1, PageID.5.)

On July 1, 2026, an Immigration Judge ordered Petitioner removed from the United States. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ ("A-Number," enter "245015270," "Nationality," enter "Columbia," select "Submit") (last visited Aug. 7, 2026). On July 10, 2026, Petitioner filed an appeal of that order, which remains pending. *Id.*

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Merits Discussion**

Respondents have now twice acknowledged their willingness to provide Petitioner with a bond hearing under § 1226. In *Ortiz Paya I*, Respondents explained: "Petitioner is lawfully detained under 8 U.S.C. § 1226, and Respondents are willing to provide Petitioner with a bond hearing in immigration court. However, Petitioner must move the immigration court for that hearing and thereafter must exhaust his administrative remedies." Resp., *Ortiz Paya I* (W.D. Mich. Jun. 12, 2026) (ECF No. 5, PageID.38). In their present response, Respondents do not dispute that Petitioner submitted a custody redetermination request on June 10, 2026. (*See* Pet., ECF No. 1, PageID.4; *see* Resp., ECF No. 6.) However, no bond hearing was held.

Respondents now claim that the July 1, 2026, removal order divested the Immigration Court of jurisdiction over the bond proceeding. (Resp., ECF No. 6, PageID.69.) Respondents do not provide the Court with any support for that proposition or for the contention that Petitioner must now move for a "new bond hearing" in the Board of Immigration Appeals to "re-invoke the Immigration Court's bond jurisdiction." (*Id.*) Respondents cite to 8 C.F.R. § 1003.19(d) (Resp., ECF No. 6, PageID.69); however, a reading of § 1003.19(d) does not appear to support, but rather undercuts, Respondents' position. It provides:

> Consideration by the Immigration Judge of an application or request of a respondent regarding custody or bond under this section shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding. The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service.

Either way, the Court finds that Respondents' argument, raised "in a perfunctory manner, unaccompanied by some effort at developed argumentation" is deemed waived. *Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012); *see Yeomalakis v. F.D.I.C.*, 562 F.3d 56, 61 (1st Cir. 2009) ("It is not our job, especially in a counseled civil case, to create arguments for someone who has not made them or to assemble them from assorted hints and references scattered throughout the brief.").

Given the record before the Court, Respondents' prior representations to the Court in *Ortiz Paya I*, and the reasoning of the Sixth Circuit Court of Appeals in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**V. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[1] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify

[1] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.

compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: August 13, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge